1
2
3
4
5
6
7
8                        IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10    KANZA JACKSON,

11              Petitioner,                 No. CIV S-07-0471 MCE GGH P

12       vs.

13    M. C. KRAMER, Warden,                 ORDER &

14              Respondent.[1]              FINDINGS AND RECOMMENDATIONS

15    _____/

16              Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of

17    habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner pled nolo contendere to a charge of

18    possession for sale of cocaine base in Yolo County Superior Court and was sentenced to a ten-

19    year state prison term on December 15, 2003.  Petition, p. 1; Motion to Dismiss (MTD), p. 1,

20    Lodged Document, 1.  Petitioner brings his challenge on two grounds: 1) ineffective assistance of

21    counsel, and 2) "discriminatory prosecution."  Id., at 9.  Pending before the court is respondent's

22    motion to dismiss the petition with prejudice, as barred by the AEDPA statute of limitations,

23    _____

24         [1] In the caption of his opposition to the motion to dismiss, petitioner has now appropriately
      named the respondent in this case (in place of Folsom State Prison).  "A petitioner for habeas corpus
25    relief must name the state officer having custody of him or her as the respondent to the petition.  This
      person typically is the warden of the facility in which the petitioner is incarcerated. Brittingham v.
26    United States, 982 F.2d 378, 379 (9th Cir.1992)." Stanley v. California Supreme Court, 21 F.3d 359,
      360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254).

                                            1

1    filed on May 24, 2007, to which petitioner filed his opposition on June 22, 2007.[2]

2    <u>Motion to Dismiss</u>

3         The statute of limitations for federal habeas corpus petitions is set forth in 28

4    U.S.C. § 2244(d)(1):

5         A 1-year period of limitation shall apply to an application for a writ
of habeas corpus by a person in custody pursuant to the judgment
6         of a State court.  The limitation period shall run from the latest of

7         (A) the date on which the judgment became final by the conclusion
of direct review or the expiration of the time for seeking such
8         review;

9         (B) the date on which the impediment to filing an application
created by State action in violation of the Constitution or laws of
10         the United States is removed, if the applicant was prevented from
filing by such State action;
11

12         (C) the date on which the constitutional right asserted was initially
recognized by the Supreme Court, if the right has been newly
recognized by the Supreme Court and made retroactively
13         applicable to cases on collateral review; or

14         (D) the date on which the factual predicate of the claim or claims
presented could have been discovered through the exercise of due
15         diligence.

16         Following imposition of his sentence on Dec. 15, 2003, petitioner did not file a

17    direct appeal but subsequently filed fourteen pro se state habeas petitions.  MTD, pp.1-4.  As did

18    respondent generally, the court gives petitioner the benefit of the mailbox rule where a proof of

19    service is provided or a date of signature on a filing can be discerned; the court also makes that

20    application on the filing date of the instant petition.

21    \\\\\

22    \\\\\

23    \\\\\

24

25    [2] Petitioner filed an amended petition on Aug. 8, 2007, after the motion to dismiss had been
submitted.  The court's review of the document indicates that petitioner therein seeks to supplement
his claims but does not address the timeliness, or lack thereof, of his original filing, which is what
26    at issue herein.

1    The first habeas petition is construed as having been filed in Yolo County

2 Superior Court on June 13, 2004,[3] and was summarily denied on August 27, 2004; the second

3 petition was filed in Yolo County Superior Court on July 8, 2004, and was summarily denied on

4 September 8, 2004; the third petition was filed on September 13, 2004,[4] in the Third District

5 Court of Appeal, and was denied on September 23, 2004; the fourth petition was filed on

6 September 26, 2004, in the Third District Court of Appeal, and denied on October 7, 2004; the

7 fifth petition was filed on October 11, 2004, in the California State Supreme Court, and was

8 denied on November 10, 2004; the sixth petition was filed on December 14, 2004, in the Yolo

9 County Superior Court, and was summarily denied on February 15, 2005, as untimely/successive

10 with citation to In re Clark, 5 Cal.4th 750 [21 Cal. Rptr.2d 509] (1993); the seventh petition, filed

11 on January 25, 2005, in the California Supreme Court was denied, on February 1, 2006, with

12 citation to In re Clark, 5 Cal.4th 750 [21 Cal. Rptr.2d 509] (1993); the eighth petition, filed on

13 March 25, 2005, in the Yolo County Superior Court, was summarily denied, on May 27, 2005, as

14 successive/untimely with citation to In re Clark, 5 Cal.4th 750  [21 Cal. Rptr.2d 509] (1993); the

15 ninth petition, filed on April 4, 2005, in the Yolo County Superior Court, was summarily denied,

16 on June 3, 2005, as successive/untimely with citation to In re Clark, 5 Cal.4th 750  [21 Cal.

17 Rptr.2d 509] (1993); the tenth petition, filed on April 21, 2005, in the Yolo County Superior

18 Court, was summarily denied as successive/untimely, on June 27, 2005, with citation to In re

19 Clark, 5 Cal.4th 750  [21 Cal. Rptr.2d 509] (1993); the eleventh petition, filed on May 4, 2005, in

20

21          [3] As to this filing, the court, as does respondent, applies the court's filing date because,

22 according to the date of signature on that petition, June 13, 2002, the undersigned agrees that it is
implausible that had petitioner delivered the petition on that date to prison officials, it would have

23 taken more than two years to process it.  MTD, p. 2, note 1.  That petition is dated as having been
received on June 29, 2004, and the court finds that it is logical to infer that the petition was signed

24 on June 13, 2004, rather than in 2002.  Petitioner appears to tacitly agree, raising no issue in his
opposition as to this point.

25          [4] As to this petition, as respondent notes, there is no date or proof of service provided by

26 petitioner, so the court ascribes the date of filing as being the date upon which the court dates it has
having been received.

1   the Yolo County Superior Court was summarily denied on June 12, 2005, as successive/untimely

2   with citation to In re Clark, 5 Cal.4th 750 [21 Cal. Rptr.2d 509] (1993); the twelfth petition,

3   filed on June 26, 2005,[5] in the Third District Court of Appeals, was denied on July 21, 2005; the

4   thirteenth petition was filed on October 25, 2005, in the California Supreme Court, and denied on

5   August 2, 2006, as untimely with citation to In re Clark, 5 Cal.4th 750 [21 Cal. Rptr.2d 509]

6   (1993);[6] the fourteenth petition, filed on November 16, 2005, in the California Supreme Court,

7   was also denied on August 2, 2006, as untimely with citation to In re Clark, 5 Cal.4th 750 [21

8   Cal. Rptr.2d 509] (1993).[7] MTD, pp. 2-4, Lodged Docs. 2-29.  Although the instant petition is

9   file-stamped March 12, 2007, the court deems it, applying the mailbox rule, to have been filed on

10  February 22, 2007.  See, Petition, p. 83.

11          Respondent maintains, without setting forth authority for the contention, that as

12  petitioner did not file a direct appeal from his December 15, 2003, conviction that conviction

13  became final 40 days later (on January 24, 2004).  MTD, p. 5.  However, the Ninth Circuit has

14  noted that as to a conviction wherein a direct appeal is not filed, the judgment is not final until 60

15  days after conviction.  Mendoza v. Carey, 449 F.3d 1065, 1067 (9th Cir. 2006).[8]  Thus, the court

16  finds that the conviction herein did not become final, for AEDPA purposes, until February 13,

17  2004.  The one-year statute of limitations began to run the day after the date of final

18

19       [5] Respondent credits petitioner with having filed this petition on June 25, 2005; however, the court's review indicates that petitioner signed his proof of service on June 26, 2005.  The document appears to have originally been stamped as received on June 28, 2005, then marked "returned," then received and filed on July 1, 2005.  Apparently, in his effort to re-file it, petitioner  dated it as sent on June 29, 2005.  The court will deem the petition as having been filed on the date on the proof of service, June 26, 2005.

22       [6] There is also a citation to In re: Swain, 34 Cal.2d 300, 304 [209 P.2d 793] (1949).

23       [7] Again, there was also a citation to In re: Swain, supra.  Except for the different case numbers  identifying the August 2, 2006, decisions denying the thirteenth and fourteenth petitions to the state supreme court (which case numbers match the respective petitions), the orders appear identical.

26       [8] In Mendoza, supra, as here, the petitioner was a California state prisoner who pled no contest to a state criminal charge and did not file a direct appeal.

1    conviction/judgment, on February 14, 2004.  Patterson v. Stewart, 252 F.3d 1243, 1246 (9th Cir.

2    2001).  Therefore, petitioner had until February 13, 2005, to file a timely federal petition.  The

3    instant petition, filed February 22, 2007, is untimely, absent any applicable tolling.

4            Section 2244(d)(2) provides that the time during which a properly filed

5    application for State post-conviction or other collateral review with respect to the pertinent

6    judgment or claim is pending shall not be counted toward any period of limitation.  Respondent

7    concedes, apparently for the purpose of moving on to the dispositive point, that under § 2244(d),

8    petitioner is entitled to tolling from the filing date of the first state court habeas petition, on June

9    13, 2004, (at which point the court finds that 120 days of the statute had run) until the denial of

10   the fifth petition on November 10, 2004 (upon the denial of the first state supreme court habeas

11   petition).  MTD, p. 5.  However, as to the sixth through eleventh petitions, all denied as untimely,

12   respondent avers that none of them served to toll the statute of limitations because they were not

13   properly filed.  MTD, p. 6.  Respondent is correct.  Pace v. DiGuglielmo, 544 U.S. 408, 414, 12

14   S. Ct. 1807, 1812 (2005) ("[w]hen a postconviction petition is untimely under state law, 'that [is]

15   the end of the matter" for purposes of § 2244(d)(2).")  Under Pace, the Supreme Court held "that

16   time limits, no matter their form, are 'filing' conditions," and that a state court's rejection of a

17   habeas petition as untimely, signifies that it was not "'properly filed,'" and petitioner therefore

18   "is not entitled to statutory tolling under § 2244(d)(2)."  544 U.S. at 417, 125 S. Ct. at 1814.

19   Petitioner does not dispute the point, nor does petitioner address the statutory timeliness

20   argument in his opposition.

21            Upon the November 10, 2004, state supreme court denial, there were 245 days

22   left to run (365 days minus 120 days).[9]  Therefore, the AEDPA statute of limitations expired on

23   July 14, 2005.  Petitioner's filing of the instant petition in this court, on February 22, 2007, was

24   588 days, or more than a year and a half, beyond the statute.  The court finds that the instant

25   _____

26            [9]  Denial of a supreme court habeas petition is now final upon denial.  Cal. Rule of Court
     29.4.

1   petition is statutorily time-barred.

2        The court next considers whether petitioner is entitled to equitable tolling.  A

3   habeas petitioner bears the burden of proving that equitable tolling should apply to avoid

4   dismissal of an untimely petition.  Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

5   Equitable tolling is available "only if extraordinary circumstances beyond a prisoner's control

6   make it impossible to file a petition on time."  Id., at 1066 (internal quotation omitted).

7        In his opposition, petitioner does not contend that any external force prevented

8   him from filing his petition timely.  "'When external forces, rather than a petitioner's lack of

9   diligence, account for the failure to file a timely claim, equitable tolling may be appropriate.'"

10  Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002), quoting Miles v. Prunty, 187 F.3d 1104, 1107

11  (9th Cir. 1999).  Rather, his proclivity in filing state petitions would appear to rule out any claim

12  that he was prevented from filing habeas petitions.  Although he does not assert that he is

13  actually innocent, he nevertheless maintains that dismissing his case without reaching the merits

14  would be a fundamental miscarriage of justice on the ground that the terms of his plea bargain

15  have not been honored and his due process rights have thereby been violated.  This is not a

16  ground for equitable tolling.  Because petitioner believes his claims are meritorious is not a basis

17  for circumventing the applicable statute of limitations or entitle him to equitable tolling of the

18  statute.  The court must recommend granting respondent's motion.

19       Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to

20  substitute the name of M.C. Kramer, Warden, as respondent, in place of Folsom State Prison, in

21  the docket of this case.

22       IT IS RECOMMENDED that respondent's motion to dismiss the petition as

23  barred by the AEDPA statute of limitations, filed May 24, 2007,  be granted and this case be

24  dismissed with prejudice.

25       These findings and recommendations are submitted to the United States District

26  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 01/28/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
jack0471.mtd

7